**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOSE LUIS VALDOVINOS,                           No. 2:14-CV-2481-MCE-CMK-P

        Petitioner,

    vs.                                                           <u>FINDINGS AND RECOMMENDATIONS</u>

J. LIZARRAGA,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 30, 2014, the court directed petitioner to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days.  Petitioner was  warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  <u>See</u> Local Rule 11-110.  As of February 6, 2015, petitioner had failed to comply and the court issued findings and recommendations that this action be dismissed.  After being granted numerous extension of time to file objections to the findings and recommendations, petitioner filed a motion for leave to proceed in forma pauperis on July 24, 2015.  The court vacated the February 2015 findings and recommendations and provided petitioner a further opportunity to

1

1  resolve the fee status for this case within 30 days because the July 24, 2015, in forma pauperis
2  application was defective.  To date – over a year after commencing this action – petitioner has
3  not complied.

4         The court must weigh five factors before imposing the harsh sanction of
5  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
6  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
7  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
8  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
9  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
10 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
11 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
12 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
13 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
14 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
15 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
16 1260-61 (9th Cir. 1992).

17        Having considered these factors, and in light of petitioner's failure to resolve the
18 fee status for this case as directed, the court finds that dismissal of this action is appropriate.

19        Based on the foregoing, the undersigned recommends that this action be
20 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
21 orders.

22        These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court.  Responses to objections shall be filed within 14 days after service of
26 objections.  Failure to file objections within the specified time may waive the right to appeal.

See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 20, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE