1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOSE LUIS VALDOVINOS,                    No. 2:14-CV-2481-MCE-CMK-P

12          Petitioner,

13      vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   J. LIZARRAGA,

15          Respondent.

16   _____/

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is respondent's

19   unopposed motion to dismiss (Doc. 31).   In the motion, respondent argues that the instant

20   petition contains both exhausted and unexhausted claims.

21          Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

22   before claims can be granted by the federal court in a habeas corpus case.   <u>See</u> <u>Rose v. Lundy</u>,

23   455 U.S. 509 (1982); <u>see also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003); <u>Hunt v.</u>

24   <u>Pliler</u>, 336 F.3d 839 (9th Cir. 2003).   Claims may be denied on the merits notwithstanding lack of

25   exhaustion.   <u>See</u> 28 U.S.C. § 2254(b)(2).   "A petitioner may satisfy the exhaustion requirement

26   in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of

1   the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

2   court no state remedies are available to the petitioner and the petitioner has not deliberately

3   by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations

4   omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to

5   give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard

6   v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

7            Regardless of whether the claim was raised on direct appeal or in a post-

8   conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the

9   state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion

10   doctrine requires only the presentation of each federal claim to the highest state court, the claims

11   must be presented in a posture that is acceptable under state procedural rules.  See Sweet v.

12   Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is

13   denied by the state courts on procedural grounds, where other state remedies are still available,

14   does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488

15   (1979); Sweet, 640 F.2d at 237-89.[1]

16            In addition to presenting the claim to the state court in a procedurally acceptable

17   manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the

18   state court by including reference to a specific federal constitutional guarantee.  See Gray v.

19   Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th

20   Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is

21   self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d

22   904 (9th Cir. 2001).  Nor is exhaustion satisfied if the state court can only discover the issue by

23   reading a lower court opinion in the case.  See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

24

---

25       [1]     This situation of procedural deficiency is distinguishable from a case presented to
the state court using proper procedures but where relief on the merits is precluded for some

26   procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former
represents an exhaustion problem; the latter represents a procedural default problem.

1        When faced with petitions containing both exhausted and unexhausted claim

2   (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to

3   give two specific warnings to pro se petitioners:  (1) the court  could only consider a stay-and-

4   abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the

5   unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he

6   opted to dismiss the entire petition to exhaust unexhausted claims.  See 330 F.3d 1086, 1099 (9th

7   Cir. 2003).  However, the Supreme Court held in Pliler v. Ford that the district court is not

8   required to give these particular warnings.  See 542 U.S. 225, 234 (2004).[2]  Furthermore, the

9   district court is not required to sua sponte consider stay and abeyance in the absence of a request

10  from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the

11  petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066,

12  1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district

13  court should dismiss mixed petitions and need not provide any specific warnings before doing so.

14  See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the

15  "choice of returning to state court to exhaust his claims or of amending or resubmitting the

16  habeas petition to present only exhausted claims to the district court")).

17        In this case, of the three claims raised in the instant federal petition, only one has

18  been presented to the California Supreme Court, by way of a state habeas petition filed on

19  February 13, 2014, and denied on April 23, 2014.[3]  Petitioner's remaining two federal claims are,

20  therefore, unexhausted.  Petitioner has not requested a stay-and-abeyance order or otherwise

21

22      [2]    The Supreme Court did not address the propriety of Ninth Circuit's three-step
    stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original
23  petition, stay of the remaining claims pending exhaustion, and amendment of the original petition
    to add newly exhausted claims that then relate back to the original petition.  See Pliler, 542 U.S.
24  at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir.
    1998)).
25
        [3]    The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
26  matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

1  opposed respondent's motion, which should be granted.

2      Based on the foregoing, the undersigned recommends that respondent's

3  unopposed motion to dismiss (Doc. 31) be granted.

4      These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court.  Responses to objections shall be filed within 14 days after service of

8  objections.  Failure to file objections within the specified time may waive the right to appeal.

9  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11   DATED:  October 17, 2016

12

13  CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26